# EXHIBIT A

Filing # 128479417 E-Filed 06/10/2021 10:45:17 AM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

KAWA ORTHODONTICS LLP, a Florida
limited liability partnership, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

UNICARE LIFE & HEALTH INSURANCE
COMPANY, an Indiana corporation,

    Defendant.
_____/

Case No.:

CLASS REPRESENTATION

## CLASS ACTION COMPLAINT

Plaintiff, KAWA ORTHODONTICS LLP ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, UNICARE LIFE & HEALTH INSURANCE COMPANY ("Defendant"):

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of sending unsolicited facsimile advertisements.

2. The Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227 (hereafter the "TCPA" or the "Act"), provides in part:

    (b) **Restrictions on use of automated telephone equipment**

> (1) Prohibitions
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless--

47 U.S.C. 227(b)(1)(C) (emphasis added).

3. The statutory language following "unless" sets forth the requisites for the established business relationship ("EBR") affirmative defense. The restriction regarding unsolicited fax advertisement falls under "automated telephone equipment." 47 U.S.C. § 227(b)(1)(C)). In passing the TCPA, Congress found, *inter alia*, that ". . . the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . .", Pub. L. 102-243, § 2, ¶ 13; and that "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce.," *id.* ¶ 14. In *Mims v. Arrow Fin. Servs., LLC*, the Supreme Court stated Congress passed the TCPA because unregulated telemarketing is "intrusive," a "nuisance," and "rightly regarded as an invasion of privacy." 565 U.S. 368, 372 (2012).

4. The chapter in which the TCPA is listed, Chapter 5, "Wire or Radio Communication," defines the term "person" to "include[ ] an individual, partnership, association, joint-stock company, trust, or corporation" *See* Communications Act of 1934, Definitions, 47 USC. § 153(39).

5. The TCPA creates a private right of action for any person or entity that receives an advertisement in violation of the Act "or the regulations prescribed under" the Act and provides for "an action to recover for actual monetary loss from such violation, or to receive

2

$500 in damages for each such violation, whichever is greater," as well as injunctive relief. *Id.* § 227(b)(3)(A)–(B). The TCPA defines "telephone facsimile machine" as any "equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 U.S.C. § 227(a)(3).

6. Defendant, or a person or entity acting on behalf of Defendant, in violation of the TCPA, sent Plaintiff an unsolicited fax advertisement on or about April 28, 2021 ("the Fax"), a true and correct copy of which is attached hereto as <u>Exhibit A</u>. The Fax advertises the commercial availability or quality of Defendant's property, goods, or services, namely its Unicare Dental Provider Savings Program. (Ex. A).

7. On information and belief, Plaintiff alleges that Defendant, or persons and/or entities acting on behalf of Defendant, in violation of the TCPA, sent the same Fax on or about April 28, 2021, to the proposed Class. (*See* Ex. A). On information and belief, Plaintiff alleges that Defendant has sent other unsolicited advertisements via facsimile transmission in violation of the TCPA during the four years preceding the filing of this lawsuit.

8. Unsolicited fax advertisements harm the recipients that receive them on a stand-alone-fax machine, *i.e.*, a "traditional fax." Such recipients lose the use of their fax machine, as well as paper and ink toner if the fax is printed. An unsolicited fax advertisement also wastes the recipient's time that would have been spent on something else. An unsolicited fax advertisement intrudes upon the recipient's seclusion, violates the recipient's right to privacy, and is a nuisance. Unsolicited fax advertisements occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the

recipients' fax machines, and require additional labor and effort to attempt to discern the source and purpose of the unsolicited message.

9. Unsolicited fax advertisements also harm recipients that receive such advertisements through an online fax service. Such faxes shift the advertising costs of paper and toner to the recipient if they are printed. An unsolicited fax advertisement received through an online fax service also wastes the recipient's time that would have been spent on something else and intrudes upon the recipient's seclusion, violates the recipient's right to privacy, and is a nuisance. Unsolicited fax advertisements sent to online fax service recipients require additional labor and effort to attempt to discern the source and purpose of the unsolicited message. Unsolicited fax advertisements received through an online fax service also shift the costs of advertising to the online fax service recipient in that the advertiser, in this case, the Defendant, access the recipient's paid-for online fax service account to send the recipient an unsolicited fax advertisement, and they do so for free, *i.e.*, at the recipients' expense.

10. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely, liability under the TCPA for sending unsolicited fax advertisements. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act in the event willfulness in violating the TCPA is shown.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 47 U.S.C. § 227 and Florida Statutes § 26.012, in that this class action seeks recovery of damages in excess of $15,000.00, exclusive of interests and costs, and Defendant has transacted business in Florida and committed tortious acts related to the matters complained of herein in Florida.

12. Venue is proper in Palm Beach County pursuant to Florida Statutes § 47.051 in that the cause of action occurred in this county and Plaintiff has its principal place of business in this county.

## PARTIES

13. Plaintiff, KAWA ORTHODONTICS LLP, is a Florida limited liability partnership with its principal place of business within Palm Beach county.

14. On information and belief, Defendant UNICARE LIFE & HEALTH INSURANCE COMPANY, is and was at all relevant times, an Indiana corporation with its principal place of business in Indianapolis, Indiana.

## FACTS

15. On or about April 28, 2021, Defendant transmitted an unsolicited facsimile advertisement to Plaintiff using a telephone facsimile machine, computer, or other device. The Fax was sent over a regular telephone line, and was received by Plaintiff through its online fax service provider, Mitel. The Fax was received at Mitel on "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 U.S.C. § 227(a)(3). After receiving the image, Mitel converted it to a PDF, attached it to an email, and forwarded that email to Plaintiff's email address. The Fax was received by Plaintiff on its desktop computer.

16.     Plaintiff's Administrative Practice Manager, Nancy Cardone ("Carone"), opened the email containing the Fax attachment on her desktop computer, viewed the Fax, determined it was a junk fax (*i.e.*, an unsolicited fax advertisement) for which Plaintiff had not provided prior express permission to be sent. Plaintiff had no way of knowing the contents of the Fax prior to opening the email attachment. The amount of time spent opening the email attachment with the Fax, reviewing the Fax, determining the Fax was a "junk" fax, was approximately sixty (60) seconds.

17.     The receipt of the Fax, an unsolicited advertisement, harmed Plaintiff in that it violated Plaintiff's right of privacy and interest in seclusion, and the Fax was a nuisance. Plaintiff was further harmed in that it wasted its time reviewing the Fax to determine that it was a "junk" fax, and the Fax shifted the costs of advertising from Defendant to Plaintiff in that Defendant accessed Plaintiff's online fax service account for which Plaintiff pays to send Plaintiff the Fax, and Defendant did so for free. But for Plaintiff's paid-for online fax service accessed for free by Defendant, they would not have been able to send the Fax ad to Plaintiff.

18.     The Fax states, in part:

"UNICARE DENTAL PROVIDER SAVINGS PROGRAM

Exclusive Savings on Costly, In-Demand Materials & Services.

Discounts of up to 40% are available to UniCare network providers through our Provider Savings Program…"

"…UniCare's Provider Savings Program offers network providers savings on some of the most costly and in-demand dental materials and services-including implants, orthodontic aligners, scanning equipment, antiseptics, personal protection equipment (PPE), dentures, and turnkey software platforms to support growing demand for at-home patient care through teledentistry…"

The fax next lists several Provider Savings Program Partner Discounts. The end of the fax states: "to find discounts available to you, lot into https://www.unicare.com/ms/dentalproviders/home.html, where you'll find the link for UniCare's Provider Savings Program."

19. The above link provides, in part, the following information: "Dental Provider Resources. Exclusive Savings for Dental Network Providers. Our Dental Provider Savings Program offers network providers discounts of up to 40% on in-demand products (PPE equipment, scanners), lab services (implants, clear aligners, dentures), and turnkey teledentistry solutions for your office..." https://www.unicare.com/ms/dentalproviders/home.html, last visited May 21, 2021.

20. Defendant created or made Exhibit A, or directed and paid a third party to do so, and Exhibit A was sent by or on behalf of Defendant with Defendant's full knowledge and authorization.

21. On information and belief, Defendant receives some or all of the revenues generated from the sale of the property, goods, or services advertised on Exhibit A and Defendant profits and benefits from the sale of the property, goods, or services advertised on Exhibit A.

22. Plaintiff did not give Defendant "prior express invitation or permission" to send the Fax.

23. On information and belief, Defendant faxed the same and other unsolicited facsimiles advertisements to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax without first receiving the recipients' express invitation or permission, and without having an established business relationship (EBR) as defined by the TCPA and its regulations.

24. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive. Similarly, online fax services are available at all times to receive faxes on behalf of their subscribers.

25. Defendant's facsimile attached as Exhibit A does not display a proper opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4), making the affirmative defense of EBR unsustainable.

## CLASS ACTION ALLEGATIONS

26. In accordance with Fla. R. Civ. P. 1.220, Plaintiff brings this class action pursuant to the TCPA on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, and (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4).

Excluded from the Class are Defendant, its officers, directors, employees, agents, independent contractors which transmitted the faxes, and members of the Judiciary. Plaintiff seeks to certify a class which includes, but is not limited to, the fax advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

### Numerosity and Impracticability of Joinder – Rule 1.220(a)(1)

27. Plaintiff is informed and believes in good faith that the class includes fifty or more persons and as such, the members of the Class are so numerous that joinder of all members is impracticable.

### Commonality - Rule 1.220(a)(2)

28. There are questions of fact or law common to the class, which predominate over questions affecting only individual class members, including without limitation:

> (i) Whether the Fax(es) and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

8

(ii) Whether Defendant is senders of the Faxes, see 47 C.F.R. § 64.1200(f)(10);

(iii) Whether Defendant had prior express invitation or permission to send Plaintiff and the Class fax advertisements;

(iv) Whether the Fax(es) contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(v) Whether Defendant should be enjoined from faxing advertisements in the future;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendant committed the common law tort of conversion; and

(viii) Whether the Court should award trebled damages.

### Typicality

29. Plaintiff's claims are typical of those of the members of the Class. Plaintiff received the same or other Faxes as the Faxes sent by or on behalf of Defendant advertising the availability and/or quality of property, goods, or services of Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members. Defendant has acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same or other fax advertisements which were sent without prior express invitation or permission and or which did not contain the proper opt-out language (precluding the affirmative defense of EBR).

### Adequacy of Representation – Rule 1.220(a)(4)

30. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members. Plaintiff has interests in common with the proposed class members and Plaintiff and Plaintiff's counsel will prosecute the case. Plaintiff has the same claim for damages as the other class members, and Plaintiff and the other class members can recover the same statutory liquidated damages.

### Superiority – Rule 1.220 (b)(3)

31. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

   (a)   Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

   (b)   Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

   (c)   Defendant has acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

   (d)   The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

   (e)   This case is inherently manageable as a class action in that:

10

(i)     Defendant identified persons to receive the fax transmissions and it is believed that Defendant's and/or Defendant's agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)    Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii)   Statutory damages are provided for in the Act and are the same for all class members and can be calculated in the same or similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economies of time, effort, and expense; and:

(v)     As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I
### Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.*

32. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

33. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . ." 47 U.S.C. § 227(b)(1)(C).

34. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

11

35. **The Fax**. Defendant sent the Fax on or about April 28, 2021. The Fax was transmitted from a telephone facsimile machine, computer, or other device, through regular telephone lines, to the stand-alone fax machines or online fax service accounts of the proposed Class—the recipients of the Fax. Stand-alone fax machines contain equipment that has the capacity "to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." Online fax services also contain equipment that has the capacity "to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." Online fax services convert "traditional faxes" into a readable form (a PDF) which is either attached to an email and forwarded to the recipients' computer via email or is made available on a portal (a server) to be read by the online fax server subscriber/recipient and is available to be printed at the online fax service recipients' convenience. The Fax constituted an advertisement under the Act and the regulations implementing the Act, and the Defendant is the sender of the Fax. Defendant failed to comply with the Opt-Out Requirements in connection with the Fax, thereby precluding the affirmative defense of EBR.

36. Plaintiff and the Class were subjected to an invasion of their privacy and their interest in seclusion in being sent the unsolicited fax advertisement, and the Fax was a nuisance. Plaintiff and the Class wasted their time determining that the Fax was an unsolicited advertisement (junk fax), and the costs of advertising were shifted from the Defendant to the Plaintiff and the Class. In particular, Plaintiff and the Class wasted money on paper and toner in the event that Fax was printed, and Defendant accessed Plaintiff and the Class's telephone fax lines, stand-alone fax machines, and/or online fax service accounts to send fax advertisements at Plaintiff's and the Class's expense. Plaintiff seeks to certify a class which includes this Fax and all others sent during the four years prior to the filing of this case through the present.

37. **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission (and/or that Defendant is precluded from sustaining the affirmative defense of EBR due to a noncompliant or nonexistent opt-out notice. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder.

## COUNT II

### CONVERSION

38. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

39. By sending Plaintiff and the other Class members an unsolicited fax advertisement, Defendant improperly and unlawfully converted Plaintiff's and the Class's telephone facsimile machines, toner, and paper to their own use in order to send the unsolicited Fax advertisement. Defendant also converted Plaintiff's and the Class's employees' time to Defendant's own use in discerning that the Fax was in fact a unsolicited junk-fax.

40. Immediately prior to the sending of the unsolicited fax, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

41. By sending the unsolicited fax, Defendant misappropriated and/or occupied the Plaintiff's and other Class members' fax machines, telephone line, toner, paper, and employee time to Defendant's own use. Such misappropriation and/or occupation was wrongful and without authorization.

42. Defendant knew or should have known that their misappropriation of fax machines, telephone lines, paper, toner, and employee time was wrongful and without authorization.

43. Plaintiff and the other Class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisement from Defendant.

44. Defendant's unsolicited fax advertisement effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, reading, routing, and reviewing Defendant's illegal fax. Defendant knew or should have known that Plaintiff and the Class members and their employees would have to read the unsolicited fax advertisement in order to determine that said fax was an unsolicited fax advertisement.

45. As a result of the foregoing, Defendant's actions caused damages to Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, KAWA ORTHODONTICS, LLP, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, UNICARE LIFE & HEALTH INSURANCE COMPANY, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court enter judgment finding Defendant has violated the TCPA and is liable to Plaintiff and the members of the Class for violating the TCPA;

  C. That the Court enter judgment finding Defendant unlawfully converted the fax machines of Plaintiff and the members of the Class and are liable to Plaintiff and the members of the Class for damages arising from its conversion;

  D. That the Court award statutory liquidated damages in the sum of five hundred dollars ($500.00) for each violation, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing," and an appropriate award of damages for each act of conversion;

  E. That Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

  F. That the Court award pre-judgment interest, costs, including reasonable attorneys' fees, and such further relief as the Court may deem just and proper.

          Respectfully submitted,

          KAWA ORTHODONTICS, LLP, individually, and as the representative of a class of similarly-situated persons

      By: /s/ Ryan M. Kelly
         Ryan M. Kelly – FL Bar No.: 90110

         ANDERSON + WANCA
         3701 Algonquin Road, Suite 500
         Rolling Meadows, IL  60008
         Telephone:  847/368-1500
         Fax:  847/368-1501
         rkelly@andersonwanca.com

# EXHIBIT A



# UNICARE DENTAL PROVIDER SAVINGS PROGRAM

## Exclusive Savings on Costly, In-Demand Materials & Services

Discounts of up to 40% are available to UniCare network providers through our Provider Savings Program

We understand the unique challenges of running a dental office, and want to thank you for serving UniCare members. We appreciate everything you and your staff do to provide outstanding dental care to all your patients. That's why we are pleased to announce UniCare's Provider Savings Program.

UniCare's Provider Savings Program offers network providers savings on some of the most costly and in-demand dental materials and services—including implants, orthodontic aligners, scanning equipment, antiseptics, personal protection equipment (PPE), dentures, and turnkey software platforms to support growing demand for at-home patient care through teledentistry.

## UniCare's Provider Savings Program Partner Discounts

**AvaDent**, a market leader for digitally designed implant-supported prostheses, is now offering discounts of up to 40% to UniCare network providers. AvaDent's patented XCL bio-hygienic, monolithic, fracture and bacteria-resistant dentures enhance performance, fit, and comfort for your patients. Discounts for UniCare network providers include AvaDent dentures and denture products like:

- Dentures
- Implant-supported dentures
- Overdentures

For more information about AvaDent's special savings for UniCare providers, please visit
http://www.avadent.com/UniCare1225/



UniCare.
An Anthem Company

**Align Technology, Inc.** is offering UniCare network providers the opportunity to experience the benefits of going digital with their iTero Element⁵ family of intraoral scanners, designed to help grow your practice while making workflows easier. Enjoy special pricing of 20% or more discounts on the following iTero family of scanners:

- The iTero Element 5D Plus Series imaging system is the latest generation. It's a powerhouse of capabilities designed to improve the practice and patient experience with state-of-the-art computing power, elegant design, and ergonomics.

- The iTero Element 5D imaging system is the powerful hybrid platform that optimizes your workflows by simultaneously recording 3D images, intraoral color, and near-infrared imaging (NIRI) that aids in the detection and monitoring of interproximal caries above the gingiva, without using harmful radiation.*

- The iTero Element 2 intraoral scanner is designed to work with the trusted iTero digital platform, transforming your restorative and orthodontic workflows.

For more information about exclusive discounts for UniCare providers, visit https://cloud.info.itero.com/iTero-UniCare

*Data on file at Align Technology, as of December 4, 2018

---

**Park Dental**, an innovative leader in lab and manufacturing services with over 50 years of experience, is offering UniCare network providers discounts of up to 20% on products, materials and equipment as well as clear orthodontic aligners. Discounts for UniCare network providers include:

- Clear aligners
- Mini, conventional and narrow ridge implants
- Guided Tissue Regeneration (GTR)/Guided Bone Regeneration (GBR) products

For additional details about exclusive Park Dental discounts for UniCare network providers, please visit:
https://www.parkdentalresearch.com/welcome-UniCare-overview.html

---

**The TeleDentists**, the nation's largest virtual dental service, is offering savings on end-to-end, HIPPA-compliant teledentistry solutions. Your office has access to advanced virtual care technology so you can deliver consultations, diagnosis, follow-up care and e-scripts for antibiotic and/or any necessary non-narcotic pain medications, via a patient's laptop, tablet, or smartphone. The TeleDentists' special savings for UniCare network providers includes:

- Savings of $10 per month on hosting fees
- Program includes a media kit with a press release, social media templates, patient newsletter notifications, and keywords to increase traffic to your website

For more information about special savings from The TeleDentists for UniCare providers, please visit
https://www.theteledentists.com/unicare

To find discounts available to you, log into **https://www.unicare.com/ms/dentalproviders/home.html**, where you'll find the link for UniCare's Provider Savings Program.



*Note: All discounts are subject to change without notice. Please click on links provided for additional details on ways you can save.

An Anthem Company

For self funded plans, claims are administered by UniCare Life & Health Insurance Company. Insurance coverage is provided by UniCare Life & Health Insurance Company.
UNI.111.21